**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
PRESTON FLOOD, No. 032764
(602) 288-1610 ext. 301
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Kesler;<br><br>Plaintiff,<br><br>vs.<br><br>Burger King Corporation, an Arizona corporation. | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff Daniel Kesler, for his Complaint against Defendant, alleges as follows:

**NATURE OF THE CASE**

1. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceedings under or related to this chapter, or has testified or is about to testify in any such proceedings, or has served or is about to serve on an industry committee…"

2. Such conduct not only includes formal complaints with a court or the Department of Labor, but also informal complaints to an employer. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000).

3. Plaintiff brings this action against Defendant for retaliation in violation of the FLSA.

4. Plaintiff has suffered emotional distress, mental anguish, lost past and future wages as a result of Defendant's retaliatory conduct.

5. As a result of Defendant's retaliatory conduct, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or equitable relief permitted under 29 U.S.C. § 216.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to this matter occurred in this District.

8. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9. At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

10. At all times material hereto, Burger King Corporation was incorporated in

the State of Arizona with its principal place of business in Maricopa County, Arizona.

**FACTUAL BACKGROUND**

11. At all relevant times, Plaintiff was an "employee" of Defendant.

12. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant.

13. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

14. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

15. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

16. Plaintiff engaged in commerce or in the production of goods for commerce and was therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

17. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continues to exceed, $500,000.00.

18. Defendant is a fast-food restaurant.

19. Defendant hired Plaintiff as a Manager-in-Training.

20. On May 22, 2017, Plaintiff expressed his concerns with Defendant's Human Resources that employees in his restaurant were working off-the-clock to keep labor hours low.

21. Plaintiff was fired shortly after expressing his concern about off-the-clock work.

22. Plaintiff has retained the law firm of Phillips Dayes Law Firm PC to prosecute his claims against Defendant on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

## COUNT ONE
## RETALIATION IN VIOLATION OF THE FLSA

23. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

24. As set forth above, Plaintiff was retaliated against for exercising his rights under the FLSA.

25. Pursuant to FLSA, 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceedings under or related to this chapter, or has testified or is about to testify in any such proceedings, or has served or is about to serve on an industry committee…"

26. Such conduct not only includes formal complaints with a court or the Department of Labor, but also informal complaints to an employer. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000).

27. Plaintiff has suffered emotional distress, mental anguish, lost past and future wages as a result of Defendant's retaliatory conduct.

28. As a result of Defendant's retaliatory conduct, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or equitable relief permitted under 29 U.S.C. § 216.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor, and against Defendant:

    a. Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount to be proved at trial;

    b. Awarding Plaintiff an additional amount equal to twice the underpaid wages;

    c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of litigation pursuant to A.R.S. § 23-364(G);

    d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

    e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    f. For such other and further relief as the Court deems just and proper.

Sated: August 8, 2018                        Respectfully submitted,

                                            **PHILLIPS DAYES LAW FIRM PC**

                                            By: <u>/s/ Sean C. Davis</u>
                                                   Trey Dayes
                                                   Sean C. Davis
                                                   Preston Flood
                                                   Attorneys for Plaintiff